UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>GREGORY CURT BYIAS, JR.,<br>　　　　Defendant. | Case No.   CR-10-00018 PJH<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>Re: Docket No.  249 |

Before the court is the pro se motion of Gregory Curt Byias, Jr. ("movant") to modify and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(1), in light of Amendment 782 to the United States Sentencing Guidelines Manual, effective November 1, 2014.  Doc. no. 249.  For the reasons set forth below, the motion is DENIED.

**I.   Background**

On January 7, 2010, movant was indicted on two counts for the following offenses: count one for possession with the intent to distribute, and distribution of, cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); count two for possession with intent to distribute, and distribution of, cocaine base within 1,000 feet of a playground in violation of 21 U.S.C. § 860; and a drug forfeiture allegation in violation of 21 U.S.C. § 853(a). Doc. no. 1.  The government also filed an information alleging a basis for increased punishment under count one for a prior drug felony conviction, pursuant to 21 U.S.C. § 851.  Doc. no. 3.  On May 27, 2010, the Grand Jury returned a four-count superseding

1

indictment charging movant with two additional drug offenses: count three for possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii); and count four for possession with intent to distribute, and distribution of, cocaine base within 1,000 feet of a playground. Doc. no. 27. The government filed an amended information to establish a prior felony drug conviction pursuant to 21 U.S.C. § 851. Doc. no. 28.

On September 1, 2011, the Grand Jury returned a four-count second superseding indictment, which amended count three, based on the Fair Sentencing Act of 2010, to recharge defendant with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(C), rather than § 841(b)(1)(B)(iii). Doc. no. 159. On September 2, 2011, the government filed a second amended information alleging a prior felony drug conviction pursuant to 21 U.S.C. § 851. Doc. no. 161. On September 30, 2011, three days before his October 3, 2011 trial date, movant pled guilty to counts one through four of the second superseding indictment. Presentence Report ("PSR") ¶ 4. Movant entered an open plea, as no plea agreement was set forth. PSR ¶ 5.

At the time of sentencing, the Probation Office calculated the offense level under the applicable sentencing guidelines. Probation reported that under the drug offender guidelines the offense involved 52.5 grams of cocaine base, resulting in a base offense level of 26, pursuant to § 2D1.1(c)(7). PSR ¶ 29. Probation stated that a two-level enhancement was warranted, pursuant to U.S.S.G. § 2D1.1(b)(12), as there was evidence that the defendant "maintained a premise for the purpose of . . . distributing a controlled substance." PSR ¶ 29. In addition, Probation reported that another two-level enhancement was warranted, pursuant to § 2D1.2(a)(1), as the offense involved a protected location. *Id.* Movant's offense level was reduced by two points for acceptance of responsibility, bringing the adjusted offense level to 28 under the drug guidelines. PSR ¶ 28.

Probation also determined that movant was subject to the career offender guidelines because of his past criminal history. Movant was found to be a career

offender within the meaning of U.S.S.G. § 4B1.1(a), based on the following: (1) he was at least eighteen years old at the time he committed the offenses of which he was convicted; (2) the offenses of conviction were felonies that involved controlled substances; and (3) he had at least two prior felony convictions for qualifying offenses. PSR ¶¶ 38, 46, 47.  Movant's career offender status established a base offense level of 37.  PSR ¶ 38.  The offense level was reduced by a two-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 35 under the career offender guidelines.  PSR ¶¶ 39, 40.  The relevant guidelines provide that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b).  Because the offense level of 35 under the career offender guidelines was greater than the offense level of 28 under the drug guidelines, the career offender guidelines applied to movant's sentencing determination.

In calculating movant's criminal history category, Probation determined that movant was subject to Category VI because of his career offender status under U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").  PSR ¶¶ 38, 41-51.  With a total offense level of 35 and a criminal history category of VI, movant's sentencing guideline range was 292-365 months imprisonment.  PSR ¶ 106.

On April 25, 2012, the court adopted the findings in the PSR and applied the mandatory minimum sentence.  Statement of Reasons at 1.  Movant was sentenced to 144 months imprisonment for all four counts to run concurrently; eight years of supervised release as to the four counts, to run concurrently; and a $400 special assessment.  Doc. no. 199.  Although movant's charged offenses carried a guideline sentence of 292-365 months, the court considered the relevant 18 U.S.C. § 3553(a) factors, and imposed a below-guideline sentence upon finding that the offense did not warrant the entire enhancement of a career offender.  Statement of Reasons at 3.

## II. Discussion

"In general, federal courts lack jurisdiction to 'modify a term of imprisonment once it has been imposed.'" *United States v. Austin*, 767 F.3d 924, 927 (9th Cir. 2012) (quoting § 3582(c)). However, § 3582(c)(2) provides a narrow exception:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing Commission ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Effective November 1, 2014, Amendment 782 revises the Drug Quantity Table in U.S.S.G. § 2D1.1, applicable to sentences imposed for certain drug-related convictions. Although Amendment 782 may be applied retroactively to previously-sentenced defendants, the court may not order a reduced term of imprisonment based on Amendment 782, unless the effective date of the court's order is November 1, 2015, or later. U.S.S.G. § 1B1.10(e)(1).

On August 4, 2015, movant filed a motion for reduction of sentence, arguing that he qualified for a sentence reduction under 18 U.S.C. § 3582(c)(2), in light of Amendment 782. Doc. no. 249. On November 3, 2015, the Probation Office prepared a sentence reduction investigation report to determine whether movant is entitled to a reduction under Amendment 782. Doc. no. 252. The Probation Office reported that movant's sentence could not be further reduced because he was sentenced pursuant to the career offender provisions found in U.S.S.G. § 4B1.1, rather than the drug guidelines applicable to drug offenses in U.S.S.G. § 2D1.1. *Id.* On November 2, 2015, the Federal Public Defender's Office filed a statement of non-intervention with respect to the instant motion. Doc. no. 251. The Federal Public Defender's Office stated that upon review of the motion to reduce sentence, it had nothing further to add to movant's request, would not seek appointment in the matter, and would not seek to intervene. *Id.*

The court determines that no relief is available under Amendment 782 because movant was sentenced under career offender guidelines pursuant to U.S.S.G. § 4B1.1, and not under the guidelines applicable to drug offenses pursuant to U.S.S.G. § 2D1.1. *See* U.S.S.G. § 1B1.10, cmt. n. 1(A) (a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision). Amendment 782 does not have the effect of lowering movant's guideline range. Accordingly, the court has no statutory authority to reduce movant's sentence.

## III.  Conclusion

For the reasons set forth above, the motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), in light of Amendment 782, is DENIED.

**IT IS SO ORDERED.**

Dated: March 9, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge